UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| TERRY MADISON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 13-CV-3317 |
| | ) | |
| GREGG SCOTT, et al., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

**MERIT REVIEW OPINION**

SUE E. MYERSCOUGH, U.S. District Judge:

Plaintiff, proceeding pro se and detained in the Rushville Treatment and Detention Center, seeks leave to proceed in forma pauperis.

The "privilege to proceed without posting security for costs and fees is reserved to the many truly impoverished litigants who, within the District Court's sound discretion, would remain without legal remedy if such privilege were not afforded to them." Brewster v. North Am. Van Lines, Inc., 461 F.2d 649, 651 (7th Cir. 1972). Additionally, a court must dismiss cases proceeding in forma pauperis "at any time" if the action is frivolous, malicious, or fails to

state a claim, even if part of the filing fee has been paid. 28 U.S.C. § 1915(d)(2). Accordingly, this Court grants leave to proceed in forma pauperis only if the complaint states a federal claim. A hearing was scheduled to assist in this review, but the hearing will be cancelled as unnecessary.

In reviewing the Complaint, the Court accepts the factual allegations as true, liberally construing them in Plaintiff's favor. Turley v. Rednour, --- F.3d ---, 2013 WL 3336713 * 2 (7th Cir. 2013). However, conclusory statements and labels are insufficient. Enough facts must be provided to "'state a claim for relief that is plausible on its face.'" Alexander v. U.S., 2013 WL 3215667 *2 (7th Cir. 2013)(quoted cite omitted).

## ALLEGATIONS

On March 23, 2013, Plaintiff was coming inside from the yard at the Rushville Treatment and Detention Center. Officer Chenoweth stopped Plaintiff to conduct a pat-down search. Plaintiff asked if the scanner could be used instead, as Plaintiff had had a bad experience with a prior pat-down. Officer Chenoweth denied Plaintiff's request, as did Officers Pennock and Hougas. Officers Chenoweth, Cleavenger, Zimmerman, and Wilson then "slammed

[Plaintiff] up against the wall with excessive force, and forcefully patted down" Plaintiff. (Complaint ¶ 6.) Defendant Chenoweth, Cleavenger, Zimmerman, and Wilson then "fondled the plaintiff's penis, grabbed and fondled his balls and stuck their hands up his buttock areas, this was done repeatedly to the plaintiff and made the plaintiff feel humiliated and disrespected . . . ." (Complaint ¶ 7.)

Plaintiff was placed in "special management," which appears to be akin to prison segregation. For three days Plaintiff was without his property and the special shoes he needs because of his diabetes.

Plaintiff was written a disciplinary ticket for a dangerous disturbance or other rule violation. No statements were taken from Plaintiff's requested witnesses, and the Behavior Committee—consisting of Defendants Jumper, Haage, and Groot—found Plaintiff guilty without reviewing the video tape. Plaintiff received a punishment of "close status" for seven days.

## ANALYSIS

In order to state a procedural due process claim, Plaintiff must have suffered a constitutionally significant deprivation. Whether Plaintiff's 10 days on "close status" implicate a protected liberty interest is doubtful. Miller v. Dobier, 634 F.3d 412 (7th Cir.

2011)(imposition of "close" status at the Rushville Treatment and Detention Center did not trigger procedural due process protections). However, this cannot be determined without a more developed record. If Plaintiff was entitled to procedural due process, he arguably did not receive that process because he was not permitted to present exonerating evidence in the form of witnesses and a video recording of the incident. A procedural due process claim will therefore proceed against Behavior Committee Members Jump, Groot, and Haage.

No plausible inference arises that any of the other Defendants were personally responsible for the alleged procedural due process violations. Denying Plaintiff's grievances is not enough to make one personally liable for others' constitutional violations, even one's employees. Chavez v. Illinois State Police, 251 F.3d 612, 651 (7th Cir. 2001)(no respondeat superior liability under § 1983); Johnson v. Snyder, 444 F.3d 579, 583-84 (7th Cir.2006)(liability under § 1983 requires personal involvement); Soderbeck v. Burnett County, 752 F.2d 285, 293 (7th Cir. 1985)("Failure to take corrective action cannot in and of itself violate section 1983. Otherwise the action of

an inferior officer would automatically be attributed up the line to his highest superior . . . .").

Plaintiff also states a claim for excessive force and a claim arising from the alleged humiliating pat-down. *See* Washington v. Hively, 695 F.3d 641, 643 (7th Cir. 2012)(trial necessary to resolve whether guard touched inmate's private parts to humiliate inmate or to gratify guard's sexual desires); Calhoun v. DeTella, 319 F.3d 936, 939 (7th Cir. 2003)(strip search conducted in harassing manner intended to humiliate and inflict psychological pain stated claim). These claims proceed against Defendants Chenowith, Cleavenger, Zimmerman, and Wilson. A failure to intervene claim cannot be ruled out against Defendants Pennock and Hougas.

Plaintiff may also state an arguable claim based on the conditions he experienced in special management status, namely the lack of the shoes he needed because of his diabetes. An inference that any Defendant was personally involved in this claim is difficult to draw, since Plaintiff does not say what efforts he made to inform anyone that he needed special shoes. At this point, this claim will proceed against the Defendants who may have placed Plaintiff in special management status.

**IT IS ORDERED:**

1.   Pursuant to a review of the Complaint, the Court finds that Plaintiff states the following constitutional claims:  1) procedural due process claim against Defendants Groot, Haage, and Jumper; 2) claims for excessive force and an intentionally humiliating pat-down search against Defendants Chenoweth, Zimmerman, Cleavenger, and Wilson; 3) failure to intervene claim against Defendants Hougas and Pennock; and 4) conditions-of-confinement/deliberate indifference claim regarding Plaintiff's placement on special management status without the shoes he needs because of his diabetes.  This fourth claim proceeds against Defendants Chenoweth, Zimmerman, Cleavenger, Wilson, Hougas, and Pennock.

2.   Defendants Davison, Wallace, Erhgott, Winters, Kunkell, Clayton, and Scott are dismissed without prejudice for failure to state a claim against them.

3.    This case proceeds solely on the claims identified in this paragraph.   Any additional claims shall not be included in the case, except at the Court's discretion on motion by a party for good cause shown or pursuant to Federal Rule of Civil Procedure 15.

4. This case is now in the process of service. Plaintiff is advised to wait until counsel has appeared for Defendants before filing any motions, in order to give Defendants notice and an opportunity to respond to those motions. Motions filed before Defendants' counsel has filed an appearance will generally be denied as premature. Plaintiff need not submit any evidence to the Court at this time, unless otherwise directed by the Court.

5. The Court will attempt service on Defendants by sending each Defendant a waiver of service. Defendants have 60 days from the date the waiver of service is sent to file an Answer. If Defendants have not filed Answers or appeared through counsel within 90 days of the entry of this order, Plaintiff may file a motion requesting the status of service. After counsel has appeared for Defendants, the Court will enter a scheduling order setting deadlines for discovery and dispositive motions.

6. With respect to a Defendant who no longer works at the address provided by Plaintiff, the entity for whom that Defendant worked while at that address shall provide to the Clerk said Defendant's current work address, or, if not known, said Defendant's forwarding address. This information shall be used

only for effectuating service. Documentation of forwarding addresses shall be retained only by the Clerk and shall not be maintained in the public docket nor disclosed by the Clerk.

    7.    Defendants shall file an answer within 60 days of the day the waiver of service is sent by the Clerk. A motion to dismiss is not an answer. The answer should include all defenses appropriate under the Federal Rules. The answer and subsequent pleadings shall be to the issues and claims stated in this Opinion.

    8.    Once counsel has appeared for a Defendant, Plaintiff need not send copies of his filings to that Defendant or to that Defendant's counsel. Instead, the Clerk will file Plaintiff's document electronically and send a notice of electronic filing to defense counsel. The notice of electronic filing shall constitute service on Defendants pursuant to Local Rule 5.3. If electronic service on Defendants is not available, Plaintiff will be notified and instructed accordingly.

    9.    Counsel for Defendants is hereby granted leave to depose Plaintiff at Plaintiff's place of confinement. Counsel for Defendants shall arrange the time for the deposition.

10. Plaintiff shall immediately notify the Court, in writing, of any change in his mailing address and telephone number. Plaintiff's failure to notify the Court of a change in mailing address or phone number will result in dismissal of this lawsuit, with prejudice.

11. **If a Defendants fails to sign and return a waiver of service to the clerk within 30 days after the waiver is sent, the Court will take appropriate steps to effect formal service through the U.S. Marshal's service on that Defendant and will require that Defendant to pay the full costs of formal service pursuant to Federal Rule of Civil Procedure 4(d)(2).**

**IT IS FURTHER ORDERED:  1) Plaintiff's petition to proceed in forma pauperis is granted (d/e 2); 2) the Clerk is directed to attempt service on Defendants pursuant to the standard procedures; and 3) Defendants Davison, Wallace, Erhgott, Winters, Kunkell, Clayton, and Scott are terminated.**

ENTERED: 10/29/2013

FOR THE COURT:

                                           **s/Sue E. Myerscough**
                                           SUE E. MYERSCOUGH
                                           UNITED STATES DISTRICT JUDGE