UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| TERRY MADISON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   13-3317 |
| | ) |
| GREGG SCOTT, *et al.* | ) |
| | ) |
| Defendants. | ) |

## SUMMARY JUDGMENT OPINION

SUE E. MYERSCOUGH, U.S. District Judge:

Plaintiff, proceeding pro se and presently civilly committed at Rushville Treatment and Detention Facility, brought the present lawsuit pursuant to 42 U.S.C. § 1983 alleging constitutional violations related to a pat down search at the facility. The matter comes before this Court for ruling on the Defendants' Supplemental Motion for Summary Judgment. (Doc. 73). The motion is granted.

## LEGAL STANDARD

Summary judgment should be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). All facts must be construed in the light most favorable to the

non-moving party, and all reasonable inferences must be drawn in his favor.  Ogden v. Atterholt, 606 F.3d 355, 358 (7th Cir. 2010).  The party moving for summary judgment must show the lack of a genuine issue of material fact.  Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).  In order to be a "genuine" issue, there must be more than "some metaphysical doubt as to the material facts."  Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986).  "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment."  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).

## FACTS

In its Opinion entered September 29, 2015 (Doc. 72), the Court provided a detailed version of the facts.  Therefore, the Court will only discuss in this Opinion those facts relevant to the resolution of the issue of whether the Defendants subjected Plaintiff to a humiliating pat down search.

On March 23, 2013, security staff at Rushville Treatment and Detention Facility ("Rushville" or "TDF") conducted pat downs on residents returning from the outside yard.  Surveillance video from

the day in question shows these pat downs were minimally intrusive, consisting of no more than a pat down of a resident's torso and legs. These searches lasted no more than a few seconds.

The parties agree that Plaintiff did not submit to one of these searches. Plaintiff, instead, watched the searches being conducted for a few minutes and then requested a different form of search via a body scanner. Plaintiff's requests were denied by multiple TDF officials. Eventually, Plaintiff was handcuffed and a more extensive search was conducted that included a pat down of Plaintiff's buttocks and genital areas. The parties agree that no sexually charged comments were made during the search and the video shows that Plaintiff's clothing was not removed. TDF officials also ensured that other TDF residents did not congregate around the area during the search.

According to the Defendants, Plaintiff was subjected to a more intensive search because he did not submit to the pat down search initially requested. Per TDF policy, residents who do not comply with direct orders violate facility rules and create "a safety and security concern justifying a more thorough search as well as temporary assignment to Special Management Status pending a

review of the incident by the Behavior Committee." (Doc. 74-1 at 2, ¶ 7). All residents entering the Special Management area are thoroughly searched to prevent introduction of items into the area that could be used by a resident to harm himself or another resident. Id. ¶ 8. Plaintiff was escorted to Special Management shortly after the search.

## ANALYSIS

The Court accepts Plaintiff's assertions that he did not want TDF officials to touch his private areas and that he did not expressly refuse to be searched. Plaintiff merely preferred one form of search over another. Nevertheless, the loss of choice is inherent in lawful confinement. See Bell v. Wolfish, 441 U.S. 520, 536 (1979) ("Loss of freedom of choice and privacy are inherent incidents of [lawful confinement]. The fact that such detention interferes with the detainee's understandable desire to live as comfortably as possible . . . does not [implicate constitutional concerns.]"). Thus, civilly committed detainees may be subjected to institutional rules designed to ensure safety and security without raising constitutional concerns. Allison v. Snyder, 332 F.3d 1076, 1079 (7th Cir. 2003).

The sole remaining issue in this case is whether TDF officials subjected Plaintiff to the more intensive search for purposes of humiliation or the gratification of sexual desires.  See Washington v. Hively, 695 F.3d 641, 643 (7th Cir. 2012).  If the Defendants "had no intention of humiliating the plaintiff or deriving sexual pleasure from [conducting the search], but [were] merely overzealous in conducting the pat down…there was no deliberate violation of a constitutional right…." Id. at 643.

Plaintiff was subjected to the more intensive search because he did not comply with orders to submit to the pat down search being conducted on other inmates.  That refusal constituted a violation of TDF rules and required that Plaintiff be placed in Special Management Status pending review of the incident.  Placement in Special Management required a more thorough search for the protection of Plaintiff and other residents.

In conducting this search, the Defendants made no sexually charged comments, did not remove Plaintiff's clothes, ensured that other residents did not congregate in the area during the incident, and the video does not depict a prolonged search of Plaintiff's groin or buttocks area.  In light of these facts, the Court finds that no

reasonable juror could conclude that the search conducted on Plaintiff that day was for purposes of humiliation or sexual gratification. At best, Plaintiff could show that the Defendants were overzealous, which is not sufficient to attach constitutional liability.

**IT IS THEREFORE ORDERED:**

1) **Defendants' Supplemental Motion for Summary Judgment [73] is GRANTED. The clerk of the court is directed to enter judgment in favor of Defendants and against Plaintiff. All pending motions are denied as moot, and this case is terminated, with the parties to bear their own costs.**

2) **If Plaintiff wishes to appeal this judgment, he must file a notice of appeal with this Court within 30 days of the entry of judgment. Fed. R. App. P. 4(a)(4). A motion for leave to appeal in forma pauperis MUST identify the issues the Plaintiff will present on appeal to assist the court in determining whether the appeal is taken in good faith. See Fed. R. App. P. 24(a)(1)(c); see also Celske v Edwards, 164 F.3d 396, 398 (7th Cir. 1999)(an appellant should be given an opportunity to submit a statement of his grounds for**

**appealing so that the district judge "can make a reasonable assessment of the issue of good faith."); <u>Walker v. O'Brien</u>, 216 F.3d 626, 632 (7th Cir. 2000)(providing that a good faith appeal is an appeal that "a reasonable person could suppose...has some merit" from a legal perspective). If Plaintiff does choose to appeal, he will be liable for the $505.00 appellate filing fee regardless of the outcome of the appeal.**

ENTERED:     July 11, 2016.

FOR THE COURT:

*s/Sue E. Myerscough*
SUE E. MYERSCOUGH
UNITED STATES DISTRICT JUDGE
